UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CINDY STEVENS, *et al.*,

Plaintiffs,

v.

PROFESSIONAL RECREATION
ORGANIZATION, INC., *et al.*,

Defendants.

Case No. C04-1656L

ORDER DENYING MOTION FOR
PROTECTIVE ORDER AND
DENYING MOTION TO COMPEL

# I. INTRODUCTION

This matter comes before the Court on two motions filed by defendants Professional Recreation Organization, Inc., *et al.* ("defendants"): (1) Motion for Protective Order Staying Depositions (Dkt. #82), and (2) Motion to Compel Production of Previously Undisclosed Recorded Statements (Dkt. #89). Defendants argue that plaintiffs should not be permitted to depose certain witnesses until they have produced witness statements from other witnesses. The witnesses scheduled to be deposed are the PRO Sports' Vice President of Finance, its President, and its CEO.

For the reasons set forth below, the Court denies both motions.[1]

---

[1] The Court has not considered defendants' improperly filed reply in support of their motion to compel. The Court is perplexed and chagrined that defendants filed the reply, despite

ORDER DENYING MOTION FOR PROTECTIVE
ORDER AND DENYING MOTION TO COMPEL - 1

## II.  DISCUSSION

**A.    Factual Background.**

Defendants propounded written discovery requests to plaintiffs that asked if plaintiffs had obtained any statements from current or former PRO Sports employees, and requested copies of any such statements.  Declaration of J. Robert Smith, Ex. A.  In November 2004, plaintiffs served their responses to the requests.  They objected to the request for witness statements as seeking work product and/or attorney client privileged communications; they also stated that they had not taken any statements relevant to the litigation.  Id.

During an April 6, 2005 discovery conference, counsel for both sides agreed that, in general, the work product doctrine would apply to witness statements.  Counsel confirmed that understanding in subsequent correspondence.

At some point during this litigation, a paralegal working for plaintiffs' counsel conducted telephone interviews with witnesses.  The witnesses were told that a portion of those interviews were being tape recorded.  The witnesses were not under oath, and did not have an opportunity to review or correct the recordings after they were made.  Plaintiffs did not update their discovery responses or produce a privilege log referencing the statements.  Defendants learned for the first time that plaintiffs had obtained some witness statements during the October 18, 2005 deposition of Jocelyn Soike.  During that deposition, plaintiffs' counsel played a portion of Ms. Soike's statement, which had been recorded approximately a year earlier.  The next day, defendants learned that another former PRO Sports employee, Melissa Archer, had also given

---

defense counsel's express representation to the Court that they needed to file an overlength motion because they would not file a reply.  The Court allowed the overlength memorandum in large part because of that representation.  Furthermore, during the parties' discovery conference in chambers prior to the filing of the motion to compel, the Court set forth the expedited briefing schedule and no reply was requested by defendants or solicited by the Court.  Nevertheless, defendants filed their reply without seeking the Court's permission and in direct contradiction to their earlier representation.  That improper and impertinent conduct necessitated plaintiffs' filing of their sur-reply to strike the reply, which the Court grants.

ORDER DENYING MOTION FOR PROTECTIVE
ORDER AND DENYING MOTION TO COMPEL - 2

1  plaintiffs a tape recorded statement.

2  On October 25, 2005, defense counsel requested copies of all witness statements;
3  plaintiffs' counsel responded that the parties had previously agreed that witness statements were
4  work product. Plaintiffs' counsel produced both Ms. Soike's and Ms. Archer's statements on or
5  before October 25, 2005. Defense counsel informed plaintiffs' counsel late in the day of
6  October 25, 2005 that they were moving for a protective order and would not attend the
7  previously scheduled depositions on October 26 and 27.

8  It is somewhat ironic that despite the submission of hundreds of pages of documents,
9  CD's, and audio and video tapes in support and in opposition to these motions, the parties have
10  not identified the facts relevant to the disputed statements.[2] Defendants have received Ms.
11  Soike's and Ms. Archer's statements, allege that plaintiffs have obtained others, and seek to
12  obtain those. Plaintiffs do not deny that they have obtained additional statements. They have
13  not, however, explained how those statements were obtained or whether they were obtained in
14  the same manner as those from Ms. Soike and Ms. Archer. Because the parties have requested
15  expedited consideration of the pending motions to allow discovery to proceed, the Court chooses
16  not to prolong the overly lengthy briefing of these motions by ordering an *in camera* review of
17  the statements or additional submissions. Instead, the Court assumes, as the parties have, that
18  the witness statements were obtained in the same manner as those of Ms. Soike and Ms. Archer.

19  **B.   Work Product Protection.**

20  Plaintiffs argue that defendants are trying to delay plaintiffs' discovery until defendants
21  have received their requested discovery, a practice which the Court has already clearly rejected.
22  The issue, however, is more complex. If the witnesses truly have a right to review the
23  statements prior to their depositions, then defendants might be justified in seeking a protective

---

[2] Of couse, defendants could not identify facts of which they were not aware. Plaintiffs' concern about protecting the work product protection should not have prohibited them from supplying facts sufficient to inform the Court about the creation of the statements.

ORDER DENYING MOTION FOR PROTECTIVE
ORDER AND DENYING MOTION TO COMPEL - 3

order and moving to compel before the depositions proceed. The Court therefore turns to the merits of defendants' motion to compel production of the witness statements.

The work product doctrine states that parties are generally unable to discover documents "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative." Fed. R. Civ. P. 26(b)(3); Hickman v. Taylor, 329 U.S. 495 (1947). The party asserting the doctrine bears the burden of showing its applicability. In this case, it is undisputed that plaintiffs' paralegal obtained the witness statements in anticipation of litigation. Furthermore, the tape recordings reveal at least two aspects of plaintiffs' counsels' legal theories, including who they sought to interview and the questions they chose to ask.[3] Defendants argue that the statements are problematic because the witnesses were not under oath and did not have an opportunity to review or correct their statements. While these concerns are valid, counsel can object and expose these problems if plaintiffs ever attempt to use the statements, as they did during Ms. Soike's deposition. Regardless, the potential shortcomings of the statements do not undermine the fact that they were obtained in anticipation of litigation. The tape recordings are work product.

A party seeking work product can obtain it only by showing "substantial need" and an

---

[3] Because the tapes contain the paralegal's questions and follow-up questions, they reveal counsel's legal theories and mental impressions in a manner that is not implicated when witnesses fill out a written questionnaire or form that has already been produced in blank. See, e.g., Morisky v. PSE&G, 191 F.R.D. 419 (D.N.J. 2000) (requiring production of questionnaires to employees in class action where questionnaires were publicly distributed prior to filing of lawsuit, questionnaires asked for factual information, and they were produced in blank during discovery). The paralegal's questioning also distinguishes this case from those in which plaintiffs surreptitiously taped witnesses' statements without inclusion of any questions from counsel. See, e.g., Roberts v. Americable Int'l, Inc., 883 F.Supp. 499, 507 (E.D. Cal. 1995) (findings surreptitious recordings not work product where the "recordings only reveal the thought processes of the conversants, and Roberts' attorneys were not at any time a conversant"); Smith v. WNA Carthage, L.L.C., 200 F.R.D. 576, 578 (E.D. Tex. 2001) ("Virtually all cases dealing with this issue have held that clandestine recordings of conversations with potential fact witnesses . . . are not shielded under the work product doctrine").

ORDER DENYING MOTION FOR PROTECTIVE
ORDER AND DENYING MOTION TO COMPEL - 4

inability to obtain the materials or their substantial equivalent without undue hardship. Fed. R. Civ. P. 26(b)(3). Defendants argue that they have a right to obtain the statements to avoid surprise during the depositions, to avoid the prejudice that will result if they are unable to prepare the witnesses for their depositions with the statements, and to prevent plaintiffs' counsel from coercing witnesses.[4]  Defendants, however, can still prepare the witnesses for their depositions in the usual ways, by reminding them to tell the truth and expect the unexpected, including the playing of taped statements. Some surprise is inevitable in depositions, and that factor does not demonstrate substantial need.

Although defendants can conduct their own interviews of the witnesses, they have shown some need for the statements because they are taped. Without the tapes, defendants will not learn the witnesses' verbatim responses even if they interview them now. However, the witnesses can obtain copies of their own statements and provide them to defendants if they choose to do so. Furthermore, plaintiffs have provided names of potential witnesses in their discovery disclosures, and defendants can interview those witnesses to learn who plaintiffs interviewed and what was said. Although defendants claim they do not have time to interview all the potential witnesses before the upcoming depositions, defendants could have been conducting interviews since this case was filed in July 2004.[5]

Defendants rely heavily on a line of cases in which courts ordered production of statements by distinguishing impeachment evidence from substantive evidence, which is offered to prove the truth of the matter. The disputes in those cases, however, focused on whether disclosure must occur before or after a deposition rather than on a claim of work product. See, e.g., Stoldt v. Centurion Indus., Inc., 2005 U.S. Dist. LEXIS 2343 (D. Kan. 2005); Pro Billiards

---

[4] The Court does not find that the statements were coerced.

[5] The delay also negates any argument that defendants need the taped statements because they were recorded closer in time to the relevant events. See, e.g., Goodyear Tire & Rubber Co., 190 F.R.D. 532, 539 (S.D. Ind. 1999).

ORDER DENYING MOTION FOR PROTECTIVE
ORDER AND DENYING MOTION TO COMPEL - 5

Tour Assoc., Inc. v. R.J. Reynolds Tobacco Co., 187 F.R.D. 229, 229-230 (M.D.N.C. 1999) (party did not oppose production of tape recordings, but objected to producing them before depositions). Even if the recordings are substantive evidence, defendants may obtain them only by a showing of substantial need. See, e.g., Pro Billiards Tour Assoc., 187 F.R.D. at 231 (explaining that substantive evidence "must be made known and, even if protected work product, its contents must be revealed if it will be used at trial or if the opposing party has a substantial need for it"). Because these cases do not alter the substantial need requirement, they do not advance defendants' position.

Compelling production of the tapes would undermine the primary purpose of the work product doctrine, which is "to prevent a current or potential adversary in litigation from gaining access to the fruits of counsel's investigating and analytical effort, and strategies for developing and presenting the client's case." Kintera v. Convio, Inc., 219 F.R.D. 503, 510 (S.D. Cal. 2003) (denying motion to compel production of recorded conversations with witnesses). Allowing defendants access to the tapes at this state in the litigation would allow them to use plaintiffs' counsel's efforts, rather than conducting their own interviews. Although defendants have shown some need for the tapes, they have not shown substantial need or undue hardship sufficient to overcome the work product protection.

Defendants also argue that plaintiffs have waived the work product protection for all the witness statements they obtained by playing Ms. Soike's statement during her deposition. Although a party cannot use work product protection as both a sword and a shield, plaintiffs cite no authority in support of such a broad waiver. Instead, courts have held that a party cannot selectively disclose a portion of a document then claim privilege as to the remainder. See, e.g., Kintera, 219 F.R.D. at 512 (rejecting contention that waiver for witness affidavits extended "to all related documents that contain the same information" such as recorded witness statements). Here, once plaintiffs used Ms. Soike's statement they promptly disclosed the entire tape, as they were required to do. Defendants do not assert that plaintiffs have referred to, quoted from, or

ORDER DENYING MOTION FOR PROTECTIVE
ORDER AND DENYING MOTION TO COMPEL - 6

otherwise used other witness statements during the depositions. The Court finds that plaintiffs did not waive the work product protections for all witness statements by disclosing two of them.

Finally, defendants argue that plaintiffs have waived the work product protection by failing to produce a privilege log. Although that argument might have merit under other circumstances, it is undisputed that counsel for both sides agreed in April 2005 that witness statements would be protected work product and not discoverable. Indeed, defendants did not produce a privilege log identifying their own witness statements until they filed these motions. In light of counsel's agreement, plaintiffs' failure to produce a privilege log is understandable and does not waive the work product protection.

**C.     Sanctions.**

Having found that defendants are not entitled to a protective order or production of the statements at this time, the Court turns to plaintiffs' request for sanctions. Plaintiffs argue that defendants have been warned previously by the Court about delaying discovery pending a production by plaintiffs. Here, defendants had a good faith belief that they were entitled to the statements prior to the depositions. That belief justified their moving for a protective order prior to the depositions. Moreover, they learned of the statements for the first time at Ms. Soike's October 18, 2005 deposition, and promptly notified plaintiffs' counsel on October 25 that they would not attend the depositions without obtaining the statements. Although plaintiffs allege that defendants have misrepresented the law and facts in support of their motions, the Court does not find that to be true.

Federal Rule of Civil Procedure 37(a)(4) makes an award of attorney's fees mandatory unless the objection was "substantially justified." Defendants showed some need for the taped statements, and a showing of need can in some cases overcome the work product protection. Although the showing of need was insufficient, the motion was substantially justified. Accordingly, the Court declines to impose sanctions.

### III. CONCLUSION

ORDER DENYING MOTION FOR PROTECTIVE
ORDER AND DENYING MOTION TO COMPEL - 7

1  For all of the foregoing reasons, the Court DENIES defendants' Motion for Protective
2  Order Staying Depositions (Dkt. #82), and their Motion to Compel Production of Previously
3  Undisclosed Recorded Statements (Dkt. #89). This ruling is limited to the issue of whether
4  plaintiffs must disclose the witness statements at this time. Defendants are not precluded, for
5  example, from moving *in limine* to exclude the tapes from trial if plaintiffs do not disclose them.
6  Counsel must provide a privilege log, including any witness statements that are work product;
7  they are not required to identify the witnesses by name. Finally, plaintiffs' counsel are reminded
8  of their obligation to supplement their discovery responses as necessary.

10  DATED this 10th day of November, 2005.

12  _____
13  Robert S. Lasnik
    United States District Judge

28  ORDER DENYING MOTION FOR PROTECTIVE
    ORDER AND DENYING MOTION TO COMPEL - 8