UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CINDY STEVENS, *et al.*,

　　　　Plaintiffs,

　　v.

PROFESSIONAL RECREATION
ORGANIZATION, INC., *et al.*,

　　　　Defendants.

Case No. C04-1656L

ORDER REGARDING MOTION
TO AMEND ANSWER AND
MOTION TO AMEND COMPLAINT

　　　　This matter comes before the Court on a motion filed by defendants Mark and Mary Walker Dedomenico (the "Dedomenicos") to amend their answer to assert additional affirmative defenses (Dkt. #112). In response, plaintiffs cross-moved to amend their complaint to add two new plaintiffs. (Dkt. #116).

　　　　Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Court should consider four factors in deciding whether to grant leave to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). However, "[d]elay alone does not provide sufficient grounds for denying leave to amend;" prejudice or bad faith must be shown to preclude amendment. United States v. Pend Oreille Pub. Util. Dist. No. 1, 926 F.2d 1502, 1511 (9th Cir.

ORDER REGARDING MOTION TO AMEND
ANSWER AND MOTION TO AMEND COMPLAINT - 1

1991); see also United States v. Houghman, 364 U.S. 310, 316 (1960) (Fed. R. Civ. P. 15 "was designed to facilitate amendment of pleadings except where prejudice to the opposing party would result"). Trial in this case is scheduled for June 5, 2006, and the discovery deadline is February 5, 2006. The deadline for amending the pleadings was December 7, 2005.

**A.   Amendment of Answer.**

The Dedomenicos seek to add new affirmative defenses of unclean hands, after-acquired evidence, mixed motive, failure to mitigate damages, statute of limitations and/or laches, and failure to state a claim upon which relief may be granted. They assert that they learned the facts underlying these defenses during the course of discovery, so they could not have asserted them earlier. Plaintiffs allege that defendants should have known of the mitigation and mixed motive defenses earlier, but they have not shown that any delay was undue or would result in prejudice. Accordingly, the Dedomenicos' motion to amend their answer (Dkt. #112) is GRANTED.

**B.   Amendment of Complaint.**

Plaintiffs argue that any amendment should be "bilateral" and if the Court grants the Dedomenicos' motion it should also grant theirs. The Court will not grant plaintiffs' motion simply because it granted the Dedomenicos' motion. Instead, the Court considers the merits of plaintiffs' motion independently. However, the Court considers some of the same factors, including that the discovery deadline is two months away, the trial date is approximately six months away, and the motion was filed before the deadline to amend the pleadings.

Plaintiffs seek to amend their complaint to join as plaintiffs Sanithia Mikes and Kenisha Kersey-Searles pursuant to Fed. R. Civ. P. 15(a) and Fed. R. Civ. P. 20, which permits plaintiffs to join an action if their claims arise out of the same transaction or occurrence and if there are common questions of law or fact. The rule "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375-76 (9th Cir. 1980) (internal citation and quotation omitted).

ORDER REGARDING MOTION TO AMEND
ANSWER AND MOTION TO AMEND COMPLAINT - 2

1   Plaintiffs allege that Ms. Mikes and Ms. Kersey-Searles applied to work at PRO Sports
2   Club but were rejected because of their race, and that those claims are identical to those of
3   plaintiff Natasha Ryan.  Therefore, "the scope and issues of discovery would be identical" and
4   joinder would promote judicial economy.  Plaintiffs' Response at p. 2.  Plaintiffs have shown
5   that there are common legal and factual questions between the claims of the current plaintiffs
6   and those of the two new proposed plaintiffs, including defendants' motives, any discriminatory
7   animus, and any hiring policy based on race.  Accordingly, permitting the amendment will
8   promote judicial economy.

9   The Dedomenicos allege that they will suffer prejudice if the amendment is allowed
10  because a jury might be influenced by the number of plaintiffs.  Seven plaintiffs is not
11  significantly different than five, and the Court can address the issue through jury instructions if
12  necessary.

13  The Dedomenicos also contend that they provided plaintiffs with Ms. Kersey-Searles'
14  and Ms. Mikes' names in discovery responses in February 2005, and Ms. Kersey-Searles filed a
15  complaint with the EEOC on May 10, 2005.  Defendants allege that the only explanation for the
16  delay in joining them is bad faith.  Plaintiffs counter that they did not learn the extent of
17  defendants' discriminatory policies and practices until depositions conducted in October 2005.[1]
18  Although the depositions do not entirely explain the delay, the Court does not find undue delay
19  or bad faith.  Furthermore, the Dedomenicos have not shown that allowing the amendment will
20  alter the nature of the litigation or their defenses.  Accordingly, plaintiffs may amend their
21  complaint to add the two new plaintiffs.  However, to the extent that those plaintiffs seek to

---

[1] The Dedomenicos filed a surreply to strike two items from plaintiffs' counsel's declaration filed in support of plaintiffs' reply to their motion to amend: (1) plaintiffs' counsel's statement that "[d]iscovery has shown several white individuals who have been hired for these positions and who have had far less qualifications than Ms. Mikes and Ms. Kersey-Searles" and (2) a portion of a transcribed recorded interview with Jocelyn Soike.  The Dedomenicos' arguments regarding the lack of personal knowledge and hearsay are well taken, so the Court did not consider either item.

ORDER REGARDING MOTION TO AMEND
ANSWER AND MOTION TO AMEND COMPLAINT - 3

assert a Title VII claim against the Dedomenicos, that request is denied as futile because Title VII does not provide for individual liability.  See, e.g., Miller v. Maxwell's Int'l, Inc., 999 F.2d 583, 583 (9th Cir. 1993).

Finally, although some of the legal and factual issues are identical, defendants will have to conduct significant additional discovery regarding the two new plaintiffs, including deposing them and obtaining written discovery regarding their specific allegations and damages.  To mitigate any potential prejudice, the Court grants the Dedomenicos' alternate request for a continuance of the pending case deadlines.

For all of the foregoing reasons, the Court GRANTS the Dedomenicos' motion to amend their answer to assert additional affirmative defenses (Dkt. #112) and GRANTS IN PART AND DENIES IN PART plaintiffs' cross-motion to amend their complaint to add two new plaintiffs (Dkt. #116).  The Clerk of the Court is directed to issue an amended order setting trial and related dates and to continue the discovery deadline and all subsequent deadlines by four months.[2]

DATED this 12th day of December, 2005.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] Although the Dedomenicos requested a six-month continuance, the Court finds that a four-month continuance is sufficient.

ORDER REGARDING MOTION TO AMEND
ANSWER AND MOTION TO AMEND COMPLAINT - 4